Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 12 2015, 9:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KRISTINA J. JACOBUCCI**
LaPorte, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUAQUIN DIAZ-DELREAL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 46A03-1404-CR-130 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAPORTE CIRCUIT COURT
The Honorable Thomas J. Alevizos, Judge
Cause No. 46C01-1302-FD-729

**January 12, 2015**

**MEMORANDUM DECISION ON REHEARING - NOT FOR PUBLICATION**

**SULLIVAN, Senior Judge**

Juaquin Diaz-Delreal has filed a petition for rehearing from this Court's memorandum decision affirming Diaz-Delreal's sentence, but reversing and remanding the matter to the trial court to vacate the judgment of conviction as a Class D felony and enter a judgment of conviction as a Class A misdemeanor, as explicitly provided for in the plea agreement. *See Diaz-Delreal v. State*, No. 46A03-1404-CR-130 (Ind. Ct. App. October 27, 2014). We grant Diaz-Delreal's petition to clarify a factual issue, but otherwise affirm our opinion in all respects.

Diaz-Delreal contends that we misstated the record with respect to his criminal history in our review of his sentencing argument. In particular, he challenges our statement that his criminal history consisted of a prior adjudication for what would be battery if committed by an adult, contending instead that he was satisfactorily released from supervised probation while the matter pended under advisement. Assuming that Diaz-Delreal's representation of the record is correct, we affirm his sentence nonetheless.

An appellant bears the burden of showing both prongs of the Appellate Rule 7(B) inquiry in order to obtain a revision of his sentence. *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013). We noted in our opinion that Diaz-Delreal's criminal history was not among the worst. However, the focus of our review concerned the nature of the offense. The victim of Diaz-Delreal's criminal recklessness almost died from his injuries. He suffered extreme pain from skull and orbital bone fractures and now no longer has sensation in the jaw area. On this ground alone, namely the nature of the offense, we conclude that Diaz-Delreal has failed to meet his burden of establishing that his sentence is inappropriate.

Aside from this factual clarification, we affirm our original opinion in all respects.

Affirmed.

MAY, J., and BROWN, J., concur.